# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL TERRANCE WALLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3395-CV-S-WAK |
| | ) | |
| CITY OF SPRINGFIELD, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Michael Waller filed this case, pro se, on October 28, 2008. He was provisionally granted leave to proceed in forma pauperis on the basis of indigence, subject to modification after the screening process required by 28 U.S.C. § 1915. On November 12, 2008, he filed an amended complaint adding defendants.

Section 1915 requires the court[1] to dismiss the case at any time if the court determines the action is frivolous or malicious, fails to state a claim on which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. Therefore, the court must look at the allegations set forth in the complaint.

In his amended complaint, plaintiff provides the following statement of his claim.

In 1999 to 2002 in Springfield Missouri, I was denied a fair trial and my rights to appeal. I was faulsely [sic] accused and imprisoned for 7 years. They took my children. And I was abandoned by my attorney on my case. This was all done by Springfield Missouri, courts, police, and judges, prosecutors and public defendants and DFS!

The named defendants are the City of Springfield, Missouri, Empire Bank - Glen Isle, Springfield City Manager, Springfield Prosecutor, Judge Don Burrell, Springfield, Missouri,

---

[1]Plaintiff has consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Police Department, Department of Family Services, Tracy Corey, Nancy McKerrow and David Smith.

Although plaintiff does not identify the federal basis for his claim, the court assumes it is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.

Plaintiff asserts the events giving rise to this lawsuit occurred between 1999 and 2002. Under Wilson v. Garcia, 471 U.S. 261, 276 (1985), the Missouri five-year personal injury statute of limitations applies to section 1983 claims. Chandler v. Presiding Judge, Callaway County, 838 F.2d 977 (8th Cir. 1988); Farmer v. Cook, 782 F.2d 780 (8th Cir. 1986). Therefore, plaintiff's claims are barred by the statute of limitations because the case was not filed within five years of the occurrences, and he has failed to state a claim on which relief can be granted.

Plaintiff has also named a judge and a prosecutor as defendants. Individual judges are immune from civil suit for events that occurred when they were acting within their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Patten v. Glaser, 771 F.2d 1178, 1179 (8th Cir. 1985) (per curiam), and Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Further, in Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), the Supreme Court stated that a prosecutor is absolutely immune from a suit for damages under 42 U.S.C. § 1983 for alleged civil rights violations committed in initiating the prosecution and presentation of the state's case. The Court stated:

> If a prosecutor had only a qualified immunity, the threat of section 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

Id. at 424-25 (citations omitted). See also Burns v. Reed, 500 U.S. 478 (1991). Thus, immunity for performance of inherently prosecutorial functions is not defeated by allegations of improper motivation such as malice or vindictiveness. See Myers v. Morris, 810 F.2d 1437 (8th Cir. 1987).

There are also problems with other named defendants, but the court does not need to address them individually because of the statute-of-limitations bar.

Accordingly, it is

ORDERED that plaintiff's complaint is dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Dated this 31st day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge